IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO CROSS REFERENCING SENTENCING PROVISION REGARDING MURDER AND JURY DEMAND |
| vs. | |
| KENNETH LEWELLYN FLOWERS,<br><br>Defendant. | Case No. 2:13-CR-15 TS |

This matter is before the Court on Defendant's Objection to Cross Referencing Sentencing Provision Regarding Murder and Jury Demand. Defendant objects to the government's stated intention to cross-reference a murder charge in Defendant's sentencing proceeding and requests the Court order that the cross reference not be applied. Additionally, Defendant makes a jury demand and states that any enhancement, if allowed, should be proven beyond a reasonable doubt. For the reasons discussed below, the Court will overrule Defendant's

1

Objection. The Court will allow the government an opportunity to prove that the cross reference should apply,[1] but the Court will not require either a jury trial or a heightened standard of proof.

## I. BACKGROUND

On January 9, 2013, Defendant was charged in an Indictment with illegal reentry in violation of 8 U.S.C. § 1326(a). On January 23, 2013, a Superseding Indictment was issued adding a charge of possession of a firearm and ammunition by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). Defendant pleaded guilty to both counts on February 12, 2013. At the change of plea hearing, Defendant was informed that the maximum possible penalty for the firearm charge was a term of imprisonment of up to ten years and, for the illegal reentry charge, a term of imprisonment of up to two years.

Though not stated in either the Indictment or Superseding Indictment, the government has announced its intention to seek the application of the cross reference contained in USSG § 2K2.1(c)(1)(B). That provision states: "If the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense . . . apply . . . if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide), if the resulting offense level is greater than that determined above."

The government seeks to employ the cross reference for second degree murder. The facts the government intends to use to support the cross reference concern the shooting death of Cisco

---

[1] The Court wishes to make clear that by overruling Defendant's Objection, the Court makes no ruling on whether the cross reference applies in this case.

Cross. Defendant was previously charged with the murder of Mr. Cross in state court, where he was found not guilty after a jury trial.

II. DISCUSSION

Defendant argues that the government's intention to cross-reference a murder charge in his sentencing proceedings violates both his Fifth and Sixth Amendment rights. Though Petitioner cites a number of provisions under these amendments, in the briefing Defendant focused on the Sixth Amendment's right to a jury trial and the Fifth Amendment's Due Process Clause. At oral argument, Defendant also focused on the indictment provision of the Fifth Amendment. While the arguments under both the Fifth and Sixth Amendments are related, it is helpful to discuss them separately.

A. SIXTH AMENDMENT

Defendant's Sixth Amendment challenge relies heavily on *Apprendi v. New Jersey*,[2] which held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[3] In *Blakely v. Washington*, the Court stated "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."[4] "In other words, the relevant

---

[2] 530 U.S. 466 (2000).

[3] *Id*. at 490.

[4] 542 U.S. 296, 303 (2004).

3

'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."[5]

Defendant argues that *Apprendi* and *Blakely* require that any fact used to increase his sentence above the statutory maximum must be presented to the jury. However, the Supreme Court "has definitively held that *Apprendi* does not apply to the present advisory-Guidelines regime."[6] The Tenth Circuit has stated that "[u]nder an advisory Guidelines regime, a conviction, by itself, authorizes a sentence up to the statutory maximum."[7] Thus, "[a]fter *Booker*, the statutory maximum to which *Apprendi* and *Blakely* refer is the maximum punishment in the U.S. Code for a certain crime."[8] Further, a defendant may not assert an error under *Apprendi* unless his sentence exceeds the statutory maximum.[9]

In this case, while the government seeks the application of the cross reference, it does not and cannot seek a sentence above the statutory maximum sentence. Though the ultimate guideline range would likely be higher than that maximum possible penalty if the cross reference to second degree murder applied, the statutory maximum sentence remains the same. Thus, no *Apprendi* issue exists in this case.

---

[5]*Id*.

[6]*United States v. Ray*, 704 F.3d 1307, 1314 (10th Cir. 2013) (citing *United States v. Booker*, 543 U.S. 220, 259 (2005)).

[7]*United States v. Crockett*, 435 F.3d 1305, 1319 (10th Cir. 2006).

[8]*United States v. Ali*, 508 F.3d 136, 146 (3d Cir. 2007).

[9]*United States v. O'Flanagan*, 339 F.3d 1229, 1332 n.2 (stating that defendant cannot assert a claim under *Apprendi* "since his sentence does not exceed the statutory maximum").

In further support of his Sixth Amendment argument, Defendant relies on two concurring opinions by Justice Scalia in *Rita v. United States*[10] and *Gall v. United States*.[11] In *Rita*, Justice Scalia noted that the Court's decision did not "rule out as-applied Sixth Amendment challenges to sentences that would not have been upheld as reasonable on the facts encompassed by the jury verdict or guilty plea."[12] In *Gall*, Justice Scalia stated that "[t]he door therefore remains open for a defendant to demonstrate that his sentence, whether inside or outside the advisory Guidelines range, would not have been upheld but for the existence of a fact found by the sentencing judge and not by the jury."[13]

As an initial matter, it must be noted that Justice Scalia's concurring opinions in *Rita* and *Gall* do not create law.[14] Defendant cites to these concurrences to argue that application of the cross reference would violate his Sixth Amendment rights as applied. However, as the government's brief points out, several courts have rejected similar arguments.[15] Indeed, the Tenth Circuit has repeatedly held that no Sixth Amendment violation occurs when a sentencing

---

[10] 551 U.S. 338 (2007).

[11] 552 U.S. 38 (2007).

[12] *Rita*, 551 U.S. at 375.

[13] *Gall*, 552 U.S. at 60.

[14] *United States v. Williams*, 468 F. App'x 899, 910 n.15 (10th Cir. 2012) (unpublished) ("[A]bsent a fragmented opinion, a concurring opinion does not create law.").

[15] Docket No. 23, at 4-5 (citing cases).

court finds facts by a preponderance of the evidence.[16] Other courts, specifically addressing the use of a cross reference, are in accord.[17]

Defendant's argument does nothing to distinguish this case from the many others where courts have found no Sixth Amendment violation based on judge-found facts. While there are certainly unique aspects to this case, this case is not so unique as to result in a violation of Defendant's Sixth Amendment rights if the government is allowed an opportunity to argue that the cross reference should apply. Therefore, the Court must reject Defendant's Sixth Amendment argument.

At oral argument, counsel stressed that neither the Indictment nor the Superseding Indictment made reference to murder, manslaughter, or the cross reference. The remedial portion of the *Booker* decision specifically addressed this issue. Importantly, the Court did not require that facts supporting sentencing factors be included in the indictment.[18] The Tenth Circuit has similarly held that the Constitution does not require that factors supporting sentencing enhancements be alleged in the indictment.[19] Defendant has pointed to no case where the

---

[16] *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1130 (10th Cir. 2006).

[17] *United States v. Howell*, 606 F.3d 960, 963 (8th Cir. 2010) ("It is now well established that in the sentencing context neither *Booker* nor the Fifth or Sixth Amendment is violated by the application of a cross reference on the basis of judge found facts so long as those facts are proven by a preponderance of the evidence and the guidelines are used in an advisory manner."); *United States v. Lobbins*, 297 F. App'x 473, 474 (6th Cir. 2008) ("This circuit has repeatedly held that no Sixth Amendment violation occurs when a district court applies a cross-reference to a crime not charged in the indictment based upon the preponderance-of-the-evidence standard.").

[18] *Booker*, 543 U.S. at 254-55.

[19] *United States v. Glover*, 413 F.3d 1206, 1208-09 (10th Cir. 2005).

government has been required to present facts supporting a sentencing enhancement in an indictment. Therefore, this argument too must be rejected.

B.     FIFTH AMENDMENT

Defendant's Fifth Amendment arguments center on the Due Process Clause. Generally, due process is satisfied by the use of a preponderance of the evidence standard at sentencing.[20] However, the Ninth Circuit Court of Appeals has held that "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction . . . a higher standard of proof may be required."[21] The Tenth Circuit has never adopted this standard, but has "left open the possibility that due process may require proof by clear and convincing evidence before imposition of a Guidelines enhancement that increases a sentence by an 'extraordinary or dramatic' amount."[22] To date, the Tenth Circuit has not found such an "extraordinary or dramatic" circumstance necessitating a higher standard of proof.

Both parties cite to *United States v. Olsen*, which provides a helpful discussion of the Fifth Amendment issue before the Court. In that case, Olsen was convicted of perjury. Normally, a conviction for perjury would dictate a base offense level of 14, and with Olsen's criminal history category of II, would result in a guideline range of 18 to 24 months. However, when the perjury occurs in respect to a criminal offense, a cross reference for a conviction of

---

[20]*McMillan v. Pennsylvania*, 477 U.S. 79, 91-92 (1986).

[21]*United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000) (quotation marks omitted).

[22]*Ray*, 704 F.3d at 1314 (quoting *United States v. Olsen*, 519 F.3d 1096, 1105 (10th Cir. 2008)).

7

being an accessory after the fact applies. Under the cross reference, the offense level calculation is tied to the offense level of the crime underlying the perjury, minus six levels. In *Olsen*, the presentence report noted an underlying offense of second degree murder, which carries a base offense level of 38. Olsen's total adjusted offense level was calculated at 30, and with a criminal history category of II, resulted in a guideline range of 108 to 135 months.

Prior to sentencing, Olsen objected to the application of the cross reference. Olsen argued that the preponderance of the evidence standard failed to afford him with adequate due process and moved for a heightened standard of review. The district court denied this request. At sentencing, the district court varied upward and imposed a sentence of 150 months.

On appeal, Olsen argued that "where the application of a particular guideline causes a large impact on the resulting advisory sentencing range, . . . due process requires the application of a standard of proof greater than the preponderance standard generally required for factual findings supporting a sentence."[23]

The Tenth Circuit stated that "[b]ecause '[u]nder an advisory Guidelines regime, a conviction, by itself, authorizes a sentence up to the statutory maximum,' in ordinary cases, due process is not implicated by factual findings that result in a sentence below that statutory maximum."[24] Olsen, relying on the line of Ninth Circuit cases cited above, argued that a higher burden of proof should be imposed when the sentencing facts have an extremely disproportionate effect on the sentence. The Tenth Circuit noted that it had never adopted this standard, but left

---

[23]*Olsen*, 519 F.3d at 1104.

[24]*Id*. (quoting *Crockett*, 435 F.3d at 1319).

8

open the possibility that "in some extraordinary or dramatic case, due process might require a higher standard of proof."[25]

The court ultimately did not decide the issue because "the cross reference only required the judge to find that the perjury interfered with a murder investigation, not that Olsen committed a murder" and "[b]ecause the record would have compelled the district court to make this finding under any conceivable standard of proof."[26]

There are obvious difference between *Olsen* and the case before the Court. The cross reference in *Olsen* did not require the court to find that Olsen committed the murder. In order for the cross reference to apply in this case, the government must establish that Defendant used a firearm in connection with the commission or attempted commission of a crime which resulted in death.[27] Further, while the defendant in *Olsen* was never tried on the underlying charges, the Defendant here was acquitted in state court. Finally, the offense level with the cross reference in *Olsen* was 6 times higher than the offense level without the cross reference. Here, the statutory maximum sentence would be approximately 7.5 times higher than Defendant's offense level without the cross reference, as estimated by Defendant.[28]

---

[25]*Id*. at 1105.

[26]*Id*.

[27]USSG § 2K2.1(c)(1)(B); *United States v. Farnsworth*, 92 F.3d 1001, 1009 (10th Cir. 1996).

[28]Because the presentence report has not yet been completed, the Court cannot verify Defendant's calculation of the guideline range. But, for the purposes of this Order, the Court will rely on Defendant's calculations.

While there are certainly unique aspects to this case, the Court cannot find that it is so extraordinary or dramatic as to require a higher standard of proof. Both the United States Supreme Court and the Tenth Circuit have repeatedly held that the preponderance of the evidence standard is generally sufficient to satisfy due process. As the government points out, circuit courts have routinely upheld the application of this same cross reference in other cases. It is true that the cross reference, if applied, would greatly enhance Defendant's potential sentence. But the fact remains that the burden of proving the enhancement remains on the government. During that process, Defendant will have the ability to challenge the government's evidence and present evidence of his own. This is sufficient to satisfy due process.

The fact that Defendant has been tried and acquitted on the murder charge in state court raises unique concerns. However, the Supreme Court and the Tenth Circuit have held that a sentencing court may consider acquitted conduct in determining the guideline range.[29] Thus, there is nothing about the consideration of acquitted conduct that requires a higher burden of proof. Therefore, the Court will overrule Defendant's Fifth Amendment objection.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Objection to Cross Referencing Sentencing Provision Regarding Murder and Jury Demand (Docket No. 22) is OVERRULED.

---

[29] *United States v. Watts*, 519 U.S. 148, 154 (1997); *United States v. Todd*, 515 F.3d 1128, 1137-38 (10th Cir. 2008).

The Court will now proceed to determine whether the cross reference should be applied. The government's submission in support of application of the cross reference is due May 8, 2013. Defendant's response is due May 20, 2013. As stated at oral argument, Defendant may make a request in his submission to present live witnesses to the Court. Should either party request an opportunity to present evidence, including testimony from witnesses, at an evidentiary hearing, that party should inform the Court in its written submission how much time they believe they will need for an evidentiary hearing and how soon they can be prepared for such a hearing.

The sentencing currently set for May 28, 2013, is VACATED. The Court will re-set the sentencing date after the determination concerning the applicability of the cross reference has been made. The parties will be able to raise any additional objections to the presentence report prior to the sentencing hearing.

DATED May 6, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge